IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RONALD JOEL FOUNTAIN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, *et al.*,<br><br>Defendants. | CIVIL NO. 17-00262 DKW-KSC<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

On June 5, 2017, Plaintiff Ronald Fountain, a resident of Philadelphia, Pennsylvania, proceeding pro se, filed a Complaint against the United States, the Attorney General of the United States, and the United States Attorney for the District of Hawaii, alleging violations of federal law. On June 6, 2017, the district court issued a deficiency order, directing Fountain to either pay the applicable filing fee or to submit a completed *in forma pauperis* application within twenty eight days. Dkt. No. 5. On June 19, 2017, Fountain filed an Application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 6. The Court GRANTS the IFP Application. However, because Fountain fails to include any factual allegations demonstrating that his rights have been violated or that he is entitled to relief from

any Defendant, the Court DISMISSES the Complaint and GRANTS Fountain limited leave to file an amended complaint in accordance with the terms of this order by July 21, 2017.[1]

## DISCUSSION

Because Fountain is proceeding pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

## I. Plaintiff's IFP Application Is Granted

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Fountain is unemployed and receives SSI benefits in the amount of $735 per month. Based upon the IFP Application, Fountain's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, *available at* https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Fountain has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS his IFP Application.

## II. Plaintiff's Complaint Is Dismissed With Limited Leave to Amend

Upon review of the Complaint, the Court finds that Fountain fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to state any discernible basis for judicial relief.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Because Fountain is appearing pro se, the Court liberally construes the Complaint.

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

5

### B. The Complaint Fails To State A Claim For Relief

Based on the Court's preliminary screening, even given a liberal construction, the Complaint fails to state any sort of cognizable claim against any Defendant. There are no allegations in the Complaint—Fountain does nothing more than list a handful of federal statutes and constitutional amendments. Beyond his claims for money damages, it is not clear to the Court what relief, if any, the Complaint seeks because factual details are wholly absent. In short, the Complaint fails to provide sufficient factual content to enable the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged.

Fountain lists the following claims, without further explanation: "writ of execution denied; failure to account; default judgment; settlement proceeds denied; Fourteenth Amendment XIV." Complaint at 5. In the portion of the Complaint devoted to "relief," Fountain lists the following: "default judgment; FRCP 55; Federal Debt Collection Act (USC) 3001-3308; Summary Judgment; $2,000,000,000 2/billion." Complaint at 6. Attached to the Complaint are several exhibits, including: (1) a January 19, 1994 letter from the U.S. Attorney for the District of Hawaii to Fountain, referencing a December 16, 1993 letter from Fountain requesting execution of documents and settlement procedures (Dkt. No. 1-1); (2) several letters to Fountain, dated from 1991 to 1995, from the United States General Accounting Office informing him that the GAO will take no action on his

various requests (Dkt. No. 1-1); (3) what appear to be settlement demands sent by Fountain to the United States and/or the Attorney General at various times with mailing documentation (Dkt. Nos. 1-2, 1-3, and 1-4); (4) a copy of the district court's CMECF docket sheet in *Fountain v. United States*, 2:16-cv-01268-CNC (E.D. Wisc.), dated October 11, 2016 (Dkt. No. 1-5); and (5) the text of the Fourteenth Amendment (Dkt. No 1-6).

The Complaint states that the Court has jurisdiction pursuant to 28 U.S.C § 1331 based upon violations of the following federal statues: 42 U.S.C. § 1983, "Federal Civil Rights Act 1983-85," and the Fourteenth Amendment. He also alleges diversity jurisdiction under Section 1332 because the "United States is incorporated under the laws of the State of Hawaii," and the amount in controversy is $200,000,000. Complaint at 4-5. The Complaint does not specify whether the claims are brought against the Attorney General and the U.S. Attorney in their official or individual capacities, or both.

The Complaint suffers from several deficiencies. First, the Complaint does not comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530

7

F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Fountain does not clearly identify in any coherent or organized manner the separate causes of action that he is asserting, nor provide specific factual allegations to support his legal conclusions. Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any claim is based.

Second, to the extent he alleges violations of his federal constitutional rights, Fountain fails to state a Section 1983 claim. To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right. *West v. Atkins*, 487 U.S. 42, 48 (1988). Fountain fails to allege how, or even if, any of the *federal* defendants he names acted under color of *state* law. Accordingly, Fountain's Section 1983 claims must be DISMISSED.[2]

---

[2]The Court acknowledges that under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may sue a federal official in his or her individual capacity for damages for violation of the plaintiff's federal constitutional rights. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (*Bivens* actions are identical to actions brought pursuant to Section 1983 "save for the replacement of a state actor under § 1983 by a federal actor under

8

Because Fountain fails to state a plausible claim for relief, the Complaint is DISMISSED. Because amendment *may* be possible, dismissal is with leave to amend, as further described below.

## III. <u>Leave To Amend</u>

The dismissal of the Complaint is without prejudice, and Fountain is granted leave to amend to attempt to cure the deficiencies identified above. If Fountain chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

---

*Bivens*."). A *Bivens* action can only be brought against an individual federal official in his or her individual capacity. *Morgan v. United States*, 323 F.3d 776, 780 n.3 (9th Cir. 2003) (citing *Vacarro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996)). *Bivens* claims are not available against the United States or agencies of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). A *Bivens* claim may be what Fountain intended to allege here. As a result, Fountain's constitutional claims are DISMISSED without prejudice and with leave to amend.

9

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Failure to file an amended complaint by **July 21, 2017** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, the IFP Application is GRANTED, and the Complaint is DISMISSED with limited leave to amend.

Fountain is granted limited leave to file an amended complaint in accordance with the terms of this order by **July 21, 2017**. The Court CAUTIONS Fountain that

failure to file an amended complaint by **July 21, 2017** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: June 21, 2017 at Honolulu, Hawai'i.

/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Fountain v. United States, et al.*; Civil No. 17-00262 DKW-KSC; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

11