IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RONALD JOEL FOUNTAIN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, *et al.*,<br><br>Defendants. | CIVIL NO. 17-00262 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

On June 5, 2017, Plaintiff Ronald Fountain, a resident of Philadelphia, Pennsylvania, proceeding pro se, filed a Complaint for violations of federal law against the United States, the Attorney General of the United States, and the United States Attorney for the District of Hawaii. On June 19, 2017, Fountain filed an Application to proceed *in forma pauperis* ("Application"). In a June 21, 2017 Order, the Court granted Fountain's Application and dismissed the Complaint, but granted Fountain limited leave to file an amended complaint by no later than July 21, 2017. Dkt. No. 9 (6/21/17 Order). Fountain has yet to file an amended complaint or respond to the Court's June 21, 2017 Order in any other fashion. As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626,

629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

The Court's June 21, 2017 Order was clear:

> [B]ecause Fountain fails to include any factual allegations demonstrating that his rights have been violated or that he is entitled to relief from any Defendant, the Court DISMISSES the Complaint and GRANTS Fountain limited leave to file an amended complaint in accordance with the terms of this order by July 21, 2017.
>
> ****
>
> Because Fountain fails to state a plausible claim for relief, the Complaint is DISMISSED. Because amendment *may* be

2

> possible, dismissal is with leave to amend, as further described below. . . . The dismissal of the Complaint is without prejudice, and Fountain is granted leave to amend to attempt to cure the deficiencies identified above.
>
> \*\*\*\*
>
> Failure to file an amended complaint by **July 21, 2017** will result in the automatic dismissal of this action without prejudice. . . . Based upon the foregoing, the IFP Application is GRANTED, and the Complaint is DISMISSED with limited leave to amend.
>
> Fountain is granted limited leave to file an amended complaint in accordance with the terms of this order by **July 21, 2017**. The Court CAUTIONS Fountain that failure to file an amended complaint by **July 21, 2017** will result in the automatic dismissal of this action without prejudice.

6/21/17 Order at 1–2, 9–11.

Fountain's failure to comply with the June 21, 2017 Order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Fountain offers no excuse or explanation for his failure to file a First Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing

party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Fountain failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* 6/21/17 Order at 10–11. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Fountain's failure to file an amended complaint, as directed by the Court in its June 21, 2017 Order.

The Court attempted to avoid outright dismissal of this action by granting Fountain the opportunity to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Fountain's voluntary failure to comply with the Court's Order. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy

favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: August 2, 2017 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge